SOLOMON ADLER, Plaintiff in Error.

*vs.*

ALBERT WISE et al., Defendants in Error.

ERROR TO MILWAUKEE CIRCUIT COURT.

A plea *puis darrein continuance* is a waiver of all former pleas in bar of the action.

ACTION of assumpsit by the plaintiff, as holder of a check of which the following is a copy.

*Milwaukee, October* 15, 1852.

$801.21.

MARSHALL & ILLSLEY:

Pay to H. Maybaum or bearer, eight hundred one 21-100 dollars.

WISE & Co.

The declaration contained a special count on the check in the usual form, and the common counts, with an allegation of the partnership of the defendants, who were the drawers. A copy of the check accompanied the declaration.

The defendants pleaded the general issue, but afterwards, by leave of the court, filed a *puis darrein continuance*, which set forth in substance, that the check was on the 15th day of October, 1852, made and delivered by the defendants to H. Maybaum for goods sold them, and that on the next day the check was presented by Maybaum to the drawees for payment (Maybaum being still the owner), and that payment was refused, and that the check was afterwards transferred to the plaintiff; that before such transfer, to wit: on the same day of the presentment aforesaid, Lyman Denison and others commenced an attachment suit in the District Court of the United States for the District of Wisconsin, against Maybaum (the substance of the writ and affidavit being set out in the plea); that an affidavit was made by one of the plaintiffs in the attachment suit, on behalf of all, stating that he verily believed these defendants to

have property, credits or effects in their possession belonging to Maybaum, or to be indebted to him; that this affidavit was delivered to the marshal of the district of Wisconsin, who on the same day, and before the transfer of the check to the plaintiff, served the said writ and affidavit upon said defendants as prescribed by law. That afterwards (January 7, 1853), the plaintiffs in the attachment suit obtained judgment in that suit against Maybaum for $1,627.20, and $60.11 costs; that on the 16th April, 1853, the District Court ordered these defendants, as such garnishees, to appear before Francis Randall, one of its commissioners; that accordingly, one of the defendants appeared before said commissioner on the 10th day of May, 1853, and made answer on oath to such interrogatories as were propounded to him, and stated among other things, "that the defendants had purchased said goods of Maybaum as aforesaid; that they gave to him their check as aforesaid for the sum of $800 to $812; that said check was presented and payment refused, as aforesaid; that the plaintiff was then the holder of said check, and had brought suit thereon against them." That these statements were reduced to writing, and signed by said appearing defendant, and on the 11th day of May, 1853, were exhibited to the said District Court; upon which judgment was then rendered by that court against them, as garnishees, in favor of the plaintiffs in the attachment suit, for $820—that court having full jurisdiction in the premises, and that sum being the same sought to be recovered in the suit.

The plaintiff replied in substance as follows: That the check was made late in the evening of the 15th of October, after the drawees' office was closed, and that on the opening of the office next morning, the defendants directed the drawees to refuse payment on it. That the check was sold by Maybaum, on the 16th of October, to the plaintiff, who purchased it in good faith for a valuable consideration, without notice of such present. ment, refusal or stoppage of payment, without notice of any of the proceedings in the attachment or garnishee suit, in the ordinary course of business, and without any reason to suppose that it would not be paid upon presentment. That the plaintiff was not in any way a party to any of the proceedings in the attachment and garnishee suits, nor was he informed of them,

or notified to appear before the court or commissioner. That none of the facts set forth in the declaration and replication, were set forth in the defendants' answer before the commissioner, nor were they in evidence before the District Court, except so far as detailed in the defendants' plea in this suit.

To which replication the defendants demurred, and the demurrer was argued and overruled at the February term, 1854.

At the May term, 1854, the demurrer not having been withdrawn, nor leave of the court obtained, the defendants filed a rejoinder, alleging that the plaintiff did not take the check in the ordinary course of business, nor become the holder and purchaser thereof in good faith, for a good and valuable consideration, without notice of such presentment, and without reason to suppose that the check would not be paid upon presentment; and concluding to the country. On the same day, being the first day of the term, the plaintiff moved for a reference to the clerk to assess damages, and for judgment, which was overruled, and the case came on for trial at the February term, 1855, before a jury. The plaintiff read in evidence on the trial (as appears by the bill of exceptions), the check described in the declaration, and rested. Upon which the defendants moved for a nonsuit, which was granted, and judgment accordingly. The plaintiff moved at the same term to set aside the nonsuit, and for judgment for the plaintiff, which was denied, to which the plaintiff excepted.

*Winfield Smith* for the plaintiff in error.

*Brown & Ogden* for the defendants in error.

*By the Court*, WHITON, C. J. There can be no doubt that the nonsuit in this case was wrongly ordered. The plaintiff below filed his declaration, counting upon the check which was drawn by the defendants. To this declaration the defendants pleaded the general issue, and afterwards by leave of the court filed a plea, *puis darrien continuance*, setting up the proceedings in the District Court of the United States, in bar of the plaintiff's action. We have, no doubt, that the plea *puis darrien continuance* was a waiver of the plea of the general issue, which

had been previously interposed. *Culver vs. Barney*, 14 *Wend. R.* 161; 1 *Chitty Plead.* 697, 698.

The case cited by the counsel for the defendants in error, in support of the contrary doctrine (2 *Wend. R.* 300), is not inconsistent with the authorities above cited.

In that case the defendant, after he had pleaded in bar of the action, put in a plea *puis darrien continuance*, setting up certain proceedings under an act of the legislature by which, as was assumed, he could not be imprisoned by virtue of the judgment which the plaintiff might recover.

The court held that as this plea went only to the remedy, and could not affect the plaintiff's action in any way, it was no waiver of the plea in bar of which had been previously pleaded. In this case, both pleas were pleas in bar of the plaintiff's action; and we must apply the general rule to them, and hold that the plea (*puis darrien continuance*) was a waiver of the plea of the general issue.

This being the position of the parties in respect to their pleadings at the trial, it is apparent that the plaintiff made out his case *prima facie* when he gave in evidence to the jury the check described in the declaration. The drawing of the check, in favor of Maybaum, by the defendant, the transfer of it to the plaintiff, the presentation of it to the drawees, their refusal to pay it, and notice of its dishonor to the defendant, were not traversed by the plea, and of course, by the rules of pleading, were admitted. The plaintiff had therefore established his right to recover, unless the defendants could make out a defence. The court should therefore have refused the nonsuit, and put the defendants to the proof of the facts set up in their plea.

Judgment reversed.